# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**GERALD KINER,**

           **Plaintiff,**

v.                                                         **Case no. 2:24-cv-02412-TLP-cgc**

**SHELBY COUNTY HEALTH DEPARTMENT et al.,**

           **Defendants.**

## ORDER

Before the court, by way of Administrative Order 2013-05,[1] is the above captioned matter. Currently pending before the District Court is Plaintiff's Objection (D.E. # 23) to the July 15, 2024 report and recommendation. Also pending is Defendants' Motion to Dismiss (D.E. #26 which was mislabeled as "Answer to Complaint") Briefing on the objection and the motion to dismiss is completed and no further filings are needed to aid in their resolution.

Filing in this case is STAYED pending further order of the Court. The parties are ORDERED not to file any further documents or email any further documents to the Court without leave of court. Violation of this order will result in the documents being stricken from the record.

Also before the Court are Plaintiff's motions for leave to file a late response to Defendants' motion to dismiss (D.E. #28) and for injunctive relief and to disqualify counsel (D.E. #29) and Defendants' motion to strike Plaintiff's motion for injunctive relief and to disqualify

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

counsel (D.E. #30).   Plaintiff avers that his confusion by the labeling of the motion to dismiss (which requires a response) as an answer (which does not require a response) lead to his delay in responding to the motion to dismiss[2].  (D.E. # 28)  The motion for leave to file a late response is MOOT as Plaintiff filed his response on August 19, 2024 (D.E. # 27).

Plaintiff's motion for injunctive relief and to disqualify counsel is DENIED as it states no appropriate grounds for any of the relief sought.  The motion alleges that Defendant Green cannot be represented by the same attorney in both official and individual capacities without citing any competent legal authority for his theory.  Plaintiff miscites several Tennessee statutes in support of his proposition.  Neither Tenn. Code Ann. § 8-42-103 nor § 8-47-101 prohibit representation of a state employee by the same attorney in an action where the employee has been sued in his official and individual capacities.   Further, the State of Tennessee is a sovereign that has the power to conduct its fiscal affairs without the unwarranted intervention of the Federal courts.  *See*, Taub v. Com. of Ky., 842 F.2d 912, 919 (6th Cir. 1988)  Plaintiff has not alleged that the expenditure of funds to defend Defendant Green in both his official and individual capacities by the same attorney has caused him to suffer a direct and individual injury not shared by all taxpayers of Tennessee therefore he does not have standing to challenge the expenditure in Federal court.  Defendants' motion to strike is DENIED as MOOT.

**IT IS SO ORDERED** this 3rd day of September, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is mistaken that Local Rule 7.2 requires consultation.  In fact, the Local Rule specifically excludes motions pursuant to Fed. R. Civ. P.  12.  See, LR 7.2(a)(1)(B).