IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERALD KINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02412-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| SHELBY COUNTY HEALTH ) | |
| DEPARTMENT and TRAVIS GREEN, in ) | |
| his official and individual capacity, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On June 17, 2024, pro se Plaintiff Gerald Kiner sued Defendants Shelby County Health Department and Travis Green for civil rights violations "under 42 U.S.C. § 1983 and under Tennessee whistleblower protection law." (ECF No. 1.) Plaintiff executed service that same day. (ECF Nos. 9, 10.) And before their time to respond expired under Federal Rule of Civil Procedure 12, Defendants moved for additional time to answer. (ECF No. 11.) Magistrate Judge Charmaine G. Claxton granted the motion, extending Defendants' deadline to July 29, 2024. (ECF No. 12.)

Plaintiff opposed the motion to extend (ECF No. 13) and moved for certification for interlocutory appeal of the order (ECF No. 14). The next day, Plaintiff moved for default judgment against Defendant Travis Green in his individual capacity. (ECF No. 16.) And the day after that, Plaintiff amended his motion for certification for interlocutory appeal of the extension. (ECF No. 17.)

1

Judge Claxton then entered a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for default judgment and for certification for interlocutory appeal. (ECF No. 21.) Plaintiff timely objected. (ECF No. 23.) Defendants responded to the objection. (ECF No. 24.) And without leave of Court, Plaintiff replied.[1] (ECF No. 25.)

For the reasons below, the Court **ADOPTS** the R&R and **DENIES** Plaintiff's motions.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions for default judgment or for interlocutory appeal. *See* 28 U.S.C. § 636(b)(1)(A)–(B). And the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). A party may object to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

An objecting party cannot raise new arguments or issues in objections that it did not present to the magistrate court, unless the party has a compelling reason for failing to raise the issue before. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). And any objections must "be clear enough to enable the district court to discern those issues that are dispositive and

---

[1] Plaintiff is not automatically allowed to reply to another party's response to objections. *See* Fed. R. Civ. P. 72(b)(2) (authorizing objections and a response to objections); *see also* 28 U.S.C. § 636(b)(1) (authorizing objections). Because Plaintiff did not seek leave to reply, the Court does not address this filing. In any case, the filing does not address issues raised in the motions or R&R and would not change the Court's analysis here.

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). In fact, "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." (citing *Miller*, 50 F.3d at 380)). And so, when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo. *See id.* In any case, the district court need not articulate all its reasons for rejecting a party's objection. *See Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

Judge Claxton entered her R&R, and Plaintiff objected. (ECF Nos. 21, 23.) He argues that the motion to extend lacked good cause and should have been denied. He also contends that, because the extension was improper, Defendants' answer was untimely under Federal Rule of Civil Procedure 55. And because of the untimely answer, Plaintiff believes he is entitled to a default judgment of $8,000,000.

## DISPOSITION

Having reviewed the record here de novo, the Court finds no error with Judge Claxton's conclusions in the R&R, but it disagrees with part of her analysis. The Court therefore **ADOPTS** the R&R in part and still **DENIES** Plaintiff's motions. The Court first addresses Plaintiff's motions for interlocutory appeal certification and then his motion for default judgment.

I.      **Disposition of Motions for Interlocutory Appeal Certification**

Judge Claxton correctly declared that Plaintiff may not appeal to the Sixth Circuit the order extending Defendants' time to reply, though her reasons are different from those that the Court relies on in this order.[2] (ECF No. 21 at PageID 92.) Under 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(a), a party has fourteen days to object to any non-dispositive order from a magistrate judge. The district court then reviews the order under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

But when a plaintiff fails to object, he has waived his right to appeal the issue to the Sixth Circuit. *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 321 (6th Cir. 2015) ("We agree with [defendant] that [plaintiff] waived its right to appeal this issue [related to a motion to compel] for failure to object to the magistrate judge's order in a timely fashion."). Plaintiff here could have—but did not[3]—object to Judge Claxton's order granting the extension

---

[2] Judge Claxton relied on *Bennett v. Gen. Caster Serv. of N. Gordon Co., Inc.*, 976 F.2d 995, 998–99 (6th Cir. 1992), to find that the Sixth Circuit lacked jurisdiction over an interlocutory appeal from a magistrate judge decision that was not first decided by the district court judge. (ECF No. 21.) But *Bennett* applied 28 U.S.C. § 636(b)(1)(B) governing dispositive motions, and Judge Claxton entered the order to extend the deadline under § 636(b)(1)(A) governing non-dispositive motions. *See id.*; *see also* Administrative Order 2013-05 (standing order in the Western District of Tennessee referring cases by pro se non-prisoner plaintiffs to magistrate judges under 28 U.S.C. § 636(b)(1)). And the Sixth Circuit, analyzing an appeal from a magistrate judge order on a non-dispositive order, has stated that "[f]ailure to object is not a jurisdictional bar on appellate review." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 321 (6th Cir. 2015). The Court therefore does not find Plaintiff's claim jurisdictionally barred.

[3] Plaintiff opposed the motion to extend, arguing that Defendants' reason for an extension did not constitute "good cause" under Rule 6 and would prolong the proceedings. (ECF No. 13 at PageID 38–39.) He also asked the Court to deny the motion. (*Id.* at PageID 38.) Plaintiff then filed a motion and amended motion "for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)." (ECF Nos. 14, 17.) Plaintiff expressly seeks an "interlocutory appeal to the United States Court of Appeals for the Sixth Circuit" and sets out an analysis for it. (*See id.*) In the end, none of these filings are an objection. Even the most liberal construction of them could not convert them into an objection or anything but what they claim to be. And so, the Court does not construe them as an objection.

of time to answer, thereby waiving his right to appeal that ruling. *See Superior Prod. P'ship.*, 784 F.3d at 321. And so, the Court agrees with Judge Claxton's recommendation that Plaintiff's motions for certification of interlocutory appeal should be denied.

What is more, Plaintiff's objection to the R&R relies on his belief that Judge Claxton recommended denying his motion to appeal "on procedural grounds" without "consider[ing] the substantive issues raised" in challenge to the extension. (ECF No. 23 at PageID 100.) But procedural issues are valid reasons to deny an appeal, and Plaintiff provides no citations for why the substantive strength of his underlying argument allows him to appeal directly to the Sixth Circuit without objecting before this Court. And even if the Court accepted Plaintiff's position that Judge Claxton should have addressed his substantive arguments on the motion to extend, his substantive arguments would fail because Defendants' request for a short extension to investigate the allegations would constitute "good cause." *See* Fed. R. Civ. P. 6.

Under de novo review of the issue, the Court thus **ADOPTS** Judge Claxton's recommendation, but not her reasoning, and **DENIES** certification for interlocutory appeal.

## II.     Disposition of Motion for Default Judgment

Plaintiff also moves for default judgment, arguing that Defendants "failed to plead or otherwise defend" the action under Federal Rules of Civil Procedure 12 and 55. He also argued in his objections to the R&R that Judge Claxton "overlook[ed] the fact that the Defendants failed

---

But even if it were to do so, Plaintiff's objection would not succeed because the Court would not find the extension to be "clearly erroneous" or "contrary to law." *See* 28 U.S.C. 636(b)(1)(A). Defendants timely and properly moved under Federal Rule of Civil Procedure 6 to extend their answer deadline by twenty-one days to "investigate and gather information regarding plaintiff's allegations." (ECF No. 11 at PageID 36.) Granting an extension in that case is entirely appropriate and not "clearly erroneous" or "contrary to law." *See* Fed. R. Civ. P. 6. And so, even if the Court construed the memorandum in opposition or the motions for interlocutory appeal as a proper objection under 28 U.S.C. 636(b), it would deny it.

to respond within the required timeframe." ECF No. 23 at PageID 100. This argument fails because it is factually untrue. Defendants moved to extend their time to answer. (ECF No. 11.) Judge Claxton granted the motion and extended the deadline through July 29, 2024. (ECF No. 12.) And Defendants answered timely. (ECF No. 26.) Thus, they did not fail to respond by the appropriate deadline. And Plaintiff's belief that the extension was improper does not change this analysis. Judge Claxton entered the order, and the Defendants properly relied on it. Besides, Plaintiff did not properly object to the order. And even if he had objected, the Court would not have found the order to be "clearly erroneous" or "contrary to law." *See* 28 U.S.C. 636(b)(1)(A).

For these reasons, the Court **ADOPTS** Judge Claxton's recommendation and **DENIES** Plaintiff's motion for default judgment.

## **CONCLUSION**

Having reviewed Judge Claxton's R&R de novo, the Court **ADOPTS** her recommendation and **DENIES** Plaintiff's motion for default judgment (ECF No. 16) and his motion for interlocutory appeal (ECF Nos. 14 and 17).

**SO ORDERED**, this 10th day of February, 2025.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE