IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERALD KINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02412-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| SHELBY COUNTY HEALTH ) | |
| DEPARTMENT, and TRAVIS GREEN, in ) | |
| his official capacity and individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING COMPLAINT**

On June 17, 2024, pro se Plaintiff Gerald Kiner sued Defendants Shelby County Health Department and Travis Green for civil rights violations under 42 U.S.C. § 1983 and Tennessee law. (ECF No. 1.) Defendants then moved to dismiss. (ECF No. 26.) And Plaintiff responded. (ECF No. 27.) Magistrate Judge Charmiane G. Claxton later entered a Report and Recommendation ("R&R"), recommending that the Court grant Defendants' Motion to Dismiss. (ECF No. 45.) Plaintiff objected the next day. (ECF No. 47.)

For the reasons below, the Court **MODIFIES** Judge Claxton's reasoning but **ADOPTS** the R&R. The Court therefore **DISMISSES** Plaintiff's § 1983 and Tennessee Whistleblower Protection Act claims **WITH PREJUDICE** and **DISMISSES** his defamation claim **WITHOUT PREJUDICE**.

1

## **BACKGROUND**

Plaintiff is a local contractor.  (ECF No. 1 at PageID 1.)  On June 11, 2024,[1] he spoke at a "public Shelby County Commissioner meeting attended by the media, the listening audience, commissioners responsible for voting on contractor awards, and an online audience."  (*Id.* at PageID 2.)  Plaintiff questioned the Shelby County Health Department's ("SCHD") process for awarding violence prevention and intervention contracts to vendors.  (*Id.*)  He explained that Daughters of Zion—a "local minority organization" that he is affiliated with—recently submitted "the lowest bid" to a SCHD request for proposal.  (*Id.*)  Yet SCHD "overlooked [it] in favor of three other organizations."  (*Id.*)  He also spoke about "the systemic issues minority organizations face in securing such contracts."  (*Id.*)

Right after Plaintiff finished speaking, he alleges that Travis Green—a "high-ranking official" who "frequently represents SCHD before the Shelby County Commission"—"publicly declared, 'everything that was said was a lie.'"  (*Id.* at PageID 3.)  Plaintiff also asserts that Green "denied that a third vendor was awarded a contract."  (*Id.*)  And Green declared that "individuals who make statements like this should be held accountable."  (*Id.* at PageID 5.)  Plaintiff explains that Green's "force and anger" made him feel "threatened, intimidated, and silenced out of fear of being defamed and humiliated again."  (*Id.* at PageID 4.)

Less than a week later, Plaintiff sued Defendants SCHD and Green in this Court.  He alleges that under 42 U.S.C. § 1983, Green's statement violated his First and Fourteenth Amendment rights.  (*Id.*)  He also alleges that Green violated Tennessee defamation law because he "falsely accused Plaintiff of dishonesty in a public forum."  (*Id.* at PageID 5.)  Plaintiff finally

---

[1] Defendants state that the meeting occurred on June 12, 2024.  (ECF No. 26 at PageID 119.)

asserts that Green's "retaliatory" statement violated Tennessee's Whistleblower Protection Law. (*Id.*)  Because of this, Plaintiff seeks "damages of no less than $10,000,000." (*Id.*)

Defendants then moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim.  (ECF No. 26.)  Green raised a qualified immunity defense.  (*Id.*)  And SCHD argued that Plaintiff has not alleged facts showing its policy or custom cause his claimed injuries.  (*See* ECF No. 26-1 at PageID 130.)  Plaintiff responded.  (ECF Nos. 27, 28.)  But he did not challenge Defendants' Motion on the merits.  Rather he argued that Defendants violated Local Rule 7.2(a)(1)(B) because they did not notify him before moving to dismiss.  Judge Claxton later entered her R&R.  (ECF No. 45.)

## LEGAL STANDARD AND OBJECTIONS

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions to dismiss.  *See* 28 U.S.C. § 636(b)(1)(A)–(B).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." *Id.* at § 636(b)(1).  A party may object to the proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee's note.  But if there is an objection, the district court reviews the objected-to portions of the R&R de novo.  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Objections come with limits.  A party generally cannot raise new arguments or issues in objections that it did not first present to the magistrate court.  *Dabrowski v. Tubular Metal Systems, LLC*, 722 F. Supp. 3d 766, 771 (E.D. Mich. 2024) (quoting *Murr v. United States*, 200

F.3d 895, 902 n.1 (6th Cir. 2000)).  And "[o]verly general objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012).  So when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo.  *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002); *see also Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) ("In general, 'the failure to file specific objections to a magistrate[] [judge's] report constitutes a waiver of those objections.'" (citation omitted)).

## I. Plaintiff's Objections

Plaintiff objected timely to Judge Claxton's R&R.  (ECF No. 47.)  In broad terms, he argues that Judge Claxton misstated facts and misapplied the law.  (*See* ECF No. 47 at PageID 290–91.)  But Plaintiff's objections are not specific enough to meet Rule 72(b)(s)'s requirements.  For example, he argues that Judge Claxton mischaracterized Green's speech by finding that he "merely" refuted Plaintiff at a public meeting.  (*Id.* at PageID 292.)  But rather than address the legal impact of Judge Claxton's characterization (if any), Plaintiff contends only that Green's statements were "reputational execution before a government body." (*Id.* at PageID 293.)  That claim is too conclusory.

Take some other examples.  Plaintiff argues that the R&R failed to apply *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968) and *Hartman v. Moore*, 547 U.S. 250 (2006).  (*Id.*)  But there is no law requiring a judge to cite every Supreme Court case that may apply to a claim.  And Plaintiff fails to explain why the law Judge Claxton applied was otherwise erroneous or incorrect.  Plaintiff also argues that Judge Claxton erred by not construing his pro-se filings liberally.  (*Id.* at

4

PageID 294.)  Yet Plaintiff never explains where in the R&R Judge Claxton committed this error.  Again, his claim here is too conclusory.

That is not all.  Plaintiff's objects to Judge Claxton's defamation recommendation.  He argues that he pleaded facts that state a claim.  But that is beside the point—Judge Claxton explained that she "[was] not addressing" his defamation claim.  (ECF No. 45 at PageID 287.)  Rather her R&R recommends that this Court decline supplemental jurisdiction over that state-law claim because his federal claims fail.  None of these objections by Plaintiff is specific enough to warrant de novo review.

That said, Plaintiff makes one specific objection to the R&R.  He asserts that Judge Claxton incorrectly found that he failed to respond to the arguments in the Motion to Dismiss.  (ECF No. 47 at PageID 291 (citing ECF No. 45 at PageID 282.)  In support, Plaintiff claims that he filed a "36-page legal response" and "cited Exhibits A and B."  (*Id.*)  But he never cites a docket entry or points out where his alleged response is in the record.  So this Court reviewed the record.  Plaintiff had 28 days to respond to Defendants' Motion.  *See* L.R. 12.1(b).  But his two-page response only argues that Defendants did not consult him before moving to dismiss.[2]  (ECF No. 27.)  And while Plaintiff filed a flurry of motions after this initial response (*see* ECF No. 28–32), none contains a "36-page legal response" or citations to "Exhibits A and B."  (*See* ECF Nos. 28–32.)  In fact, his filings mostly concern his wish to disqualify defense counsel.  (*Id.*)

Because Plaintiff failed to identify specific errors within Judge Claxton's R&R, the Court reviews it for clear error.  See *Miller*, 50 F.3d at 380 (finding that a party's objections to report and recommendation were general objections when they "were summary in nature, with no

---

[2] Plaintiff cites L.R. 7.2(a)(1)(B) in his two-page document.  But that Local Rule explicitly excludes consultation for motions under Federal Rules of Civil Procedure 12, 56, and 59.

specificity at all," "failed specifically to address the findings of the magistrate," "disputed the correctness of the magistrate's recommendation but failed to specify the findings that she believed were in error," and "simply objected to the report and recommendation and referred to several of the issues in the case").

## DISPOSITION

For a plaintiff to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court in this posture does not consider whether a plaintiff will succeed on the merits. *Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC*, 659 F. Supp. 3d 546, 557 (E.D. Tenn. 2019). Rather, it considers whether the facts suggest "more than the mere possibility of misconduct." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Although the motion-to-dismiss standard requires a court to "construe the complaint in the light most favorable to the plaintiff . . . and draw all reasonable inferences in [his] favor," *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022), *cert. denied*, 214 L Ed. 2d 253 (2022) (citation omitted), courts need not accept "legal conclusions or unwarranted factual inferences." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (quoting *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017)). And "the complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019) (quotation omitted).

Because Plaintiff is pro se, the Court holds him to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But this "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.

6

1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  In short, pro se plaintiffs must still plead enough "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).  This is a fine line—district courts are not "required to create" a pro se plaintiff's claim for him.  *Payne v. Sec'y of the Treasury*, 73 F. App'x. 836, 837 (6th Cir. 2003); *see also Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) ("District judges have no obligation to act as counsel or paralegal to pro se litigants." (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004))).

Judge Claxton applied these standards (ECF No. 45 at PageID 282–84) and recommends granting Defendants' Motion to Dismiss.  (*Id.* at PageID 287.)  Having reviewed the record, the Court **MODIFIES** Judge Claxton's reasoning as it relates to Plaintiff's § 1983 claims against Green in his individual capacity but finds no clear error in her conclusions.  The Court therefore **ADOPTS** the R&R for the reasons below.

I.     **Section 1983 Claims against SCHD**

Judge Claxton correctly found that Plaintiff fails to state a § 1983 claim against SCHD and Green in his official capacity.  (*Id.* at PageID 284–86.)  She correctly notes that the Complaint never alleges a specific SCHD policy or custom that caused his alleged injury.[3]  (*Id.* at PageID 285.)  Rather, Plaintiff tries to impose municipal liability on SCHD just because it employs Green.  (*Id.* (citing ECF No. 1 at PageID 4).)  The Court agrees with Judge Claxton that "SCHD may not be held liable merely for employing Green even if he were to be found to have

---

[3] Plaintiff's fifth objection states that he alleged a county-approved procurement policy and resolution.  (ECF No. 47 at PageID 294–95.)  But he does not explain where in his Complaint those allegations are or what those policies and resolutions are have to do with the facts here.  And so the Court does not accept these "unwarranted factual inferences."  *Moderwell*, 997 F.3d at 659 (citation omitted).

violated any of Plaintiff's constitutional rights." (*Id.*)  *See Hall v. Navarre*, 118 F.4th 749, 757 (6th Cir. 2024) (explaining that a governmental entity is not liable under *Monell* "*solely* because it employs a tortfeasor"); *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.") For these reasons, the Court **ADOPTS** Judge Claxton's recommendation and **DISMISSES** the § 1983 claims against SCHD and Green in his official capacity **WITH PREJUDICE**.

## II.  Section 1983 Claims against Green

Judge Claxton next recommends dismissing Plaintiff's § 1983 claims against Green in his individual capacity.  (ECF No. 45 at PageID 286.)  The R&R reasons that qualified immunity shields Green because "Plaintiff's Complaint is silent on why a reasonable person in Green's position would believe he could not speak to refute Plaintiff's claims at a public meeting where such discourse was openly permitted and where Plaintiff himself took advantage of the forum to share his perspective." (*Id.*)  Under clear error review, Judge Claxton's conclusion is correct—Plaintiff has not stated a First or Fourteenth Amendment claim here.  But for the sake of clarity, this Court will expand on Judge Claxton's analysis of the First and Fourteenth Amendments.  So the Court addresses each claim below.

Qualified immunity shields government officials who perform discretionary functions from civil liability if they did not violate a "clearly established federal constitutional right." *DeLanis v. Metro. Gov't of Nashville & Davidson Cnty.*, 160 F.4th 732, 737 (6th Cir. 2025).

Despite this shield, courts rarely grant a motion to dismiss because of qualified immunity.[4] *Chrestman ex rel. Wooden v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, 156 F.4th 694, 701 (6th Cir. 2025) (citation omitted); *see, e.g.*, *MacIntosh v. Clous*, 69 F.4th 309, 315 (6th Cir. 2013).

Count I alleges that Green's comments violated Plaintiff's First Amendment right by retaliating against him. (ECF No. 1 at PageID 4.) To establish a prima facie case of First Amendment retaliation, Plaintiff must plausibly allege that (1) he engaged in protected speech; (2) "he suffered an 'adverse action' that would 'dissuade individuals of ordinary firmness from doing what they were doing'"; and (3) "he must allege a 'causal link' between his protected speech and the adverse action." *DeLanis*, 160 F.4th at 742.

Plaintiff fails to show adverse action here. His Complaint asserts that Green's comment made him feel "threatened, intimidated, and silenced." Taking that as true, as the Court must, Plaintiff's "mere[] claims of 'damage to his professional reputation and emotional anguish and distress'" are not enough to show adverse action.[5] *Mezibov v. Allen*, 411 F.3d 712, 722 (6th Cir. 2005) (quoting *Mattox v. City of Forest Park*, 183 F.3d 515, 523 (6th Cir. 1999); *see id.* ("It would be inconsistent with core First Amendment principles and basic notions of fairness not to

---

[4] Plaintiff's sixth objection states that "[t]he Supreme Court prohibits dismissal based solely on qualified immunity at the pleading stage where factual disputes exist." Although Plaintiff cites no law, the Court construes his statement as asserting the general principle cited above. At any rate, Defendants do not deny that Plaintiff or Green made the statements at issue. No matter— the Court takes his well-pleaded facts as true. *See Ashcroft*, 556 U.S. at 678.

[5] In his eighth objection, Plaintiff claims "[t]he loss of over $1 million in contracting access is a quintessential 'adverse action.'" (ECF No. 47 at PageID 299.) But he asserts this number here for the first time—the Complaint alleges "Defendant Green's statement constituted an adverse action taken in retaliation for Plaintiff's protected speech, with the intent to chill Plaintiff's exercise of his First Amendment rights." (ECF No. 1 at PageID 4.) And even in this objection, Plaintiff does point to any contract opportunities that he lost. So again, the Court will not engage in hypotheticals or accept such "legal conclusions or unwarranted factual inferences." *Moderwell*, 997 F.3d at 659 (citation omitted)

allow [the defendant] to respond to these allegations to the extent his out-of-court comments were not defamatory, even if that response was (quite naturally) prompted by constitutionally protected speech by [the plaintiff].").

And in Count II, Plaintiff alleges that Green violated his Fourteenth Amendment right to procedural due process. (ECF No. 1 at PageID 4.) To state this claim, Plaintiff must plausibly allege "(1) that [he] has a 'life, liberty, or property interest requiring protection under the Due Process Clause,' (2) that the government 'depriv[ed] [her] of that interest,' and (3) that the government carried out that deprivation 'without adequate process.'" *Williams v. Shelby Cnty., Tennessee, Bd. of Educ.*, No. 22-5591, 2025 WL 1370082, at *8 (6th Cir. May 12, 2025) (quoting *Fields v. Henry County*, 701 F.3d 180, 185 (6th Cir. 2012)). In his Complaint Plaintiff alleges that "Green's defamatory statement" deprived Plaintiff of "his liberty interest without due process" and harmed his "reputation and business interests." (ECF No. 1 at PageID 4.)

Plaintiff has alleged no cognizable liberty interest here. To start, "[d]efamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *see Paul v. Davis*, 424 U.S. 693, 712 (1976). And reputational harm is not a constitutional deprivation. *See Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 414 (6th Cir. 2002) ("There is no constitutional liberty interest in one's reputation standing alone."). Nor does a speculative claim of lost business interest establish constitutional deprivation under these facts.[6] Because Plaintiff has alleged no constitutionally protected liberty interest, he fails to state a plausible procedural-due-process claim. *See Kaplan v. Univ. of Louisville*, 10 F.4th 569, 577 (6th Cir. 2021) (explaining that courts examining such claims first determine whether a

---

[6] Like the footnote above, Plaintiff claims a "lost business interest" here. But he never explains or alleges what that lost business interest may be.

constitutional interest is at stake before considering what procedures would be necessary to protect that interest).

Although "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity," *Chrestman*, 156 F.4th at 701, Plaintiff must still plausibly allege the elements of his claims. *See Barnett*, 414 F. App'x at 786. He has not done so here. For these reasons, the Court **MODIFIES** the reasoning but **ADOPTS** the conclusions in Judge Claxton's R&R and **DISMISSES** the § 1983 claims against Green in his individual capacity **WITH PREJUDICE**.

### III. Tennessee Whistleblower Protection Act

Because Plaintiff has not alleged that SCHD employed him, Judge Claxton recommends dismissing his Tennessee Whistleblower Protection Act claim. (ECF No. 45 at PageID 286–27 (citing Tenn. Code Ann. § 50-1-304; *Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18, 26 (Tenn. 2011).) After a review of the Complaint, the Court finds that again Judge Claxton is correct. *See Williams v. City of Burns*, 465 S.W.3d 96, 111 (Tenn. 2015) (explaining that the Act requires four elements, including that "the plaintiff was an employee of the defendant" (citation omitted). So the Court **ADOPTS** her recommendation and **DISMISSES** this claim **WITH PREJUDICE**.

### IV. Defamation

Judge Claxton's final recommendation is that the Court should decline to exercise supplemental over the remaining defamation claim. (ECF No. 45 at PageID 287.) The Court agrees. Plaintiff brought a defamation claim under Tennessee law. (ECF No. 1 at PageID 4–5.) And none of his federal claims remain. When "a federal court no longer has federal claims to resolve, it 'should not ordinarily reach the plaintiff's state-law claims.'" *Southard v. Newcomb*

11

*Oil Co., LLC*, 7 F.4tht 451, 455 (6th Cir. 2021) (citation omitted).  For that reason, the Court **ADOPTS** Judge Claxton's recommendation and **DISMISSES** this defamation claim **WITHOUT PREJUDICE**.

## **CONCLUSION**

Having reviewed Plaintiff's objections and the R&R, the Court **MODIFIES** Judge Claxton's reasoning but **ADOPTS** the R&R.  The Court therefore **DISMISSES** Plaintiff's § 1983 and Tennessee Whistleblower Protection Act claims **WITH PREJUDICE** and **DISMISSES** his defamation claim **WITHOUT PREJUDICE**.

**SO ORDERED**, this 9th day of February, 2026.

                                       s/Thomas L. Parker
                                       THOMAS L. PARKER
                                       UNITED STATES DISTRICT JUDGE